WO                                                                                                               SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Joseph Sutliff,      ) | No. CV 06-2280-PHX-SMM(MEA) |
| Petitioner,      ) | **ORDER** |
| vs.      ) | |
| Dora Schriro, et al.,      ) | |
| Respondents.      ) | |

Petitioner Johnathan Joseph Sutliff, confined in the Arizona State Prison Complex in Buckeye, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will order an answer.

**I. Procedural History and Petition**

Petitioner challenges his August 20, 2002 conviction on five counts of sexual conduct with a minor, CR 2001-015153, entered in the Maricopa County Superior Court**.**

In his habeas petition, Petitioner raises four grounds for relief. In Ground I, Petitioner alleges that his Fifth Amendment rights were violated because the State knowingly presented false testimony by the accuser; specifically, the accuser falsely testified that she had not previously fabricated accusations against another individual. In Ground II, Petitioner alleges that his Fifth Amendment rights were violated because the state knowingly presented false testimony from the accuser's mother; specifically, the accuser's mother testified that the accuser had not told her any fabricated accusations against another individual. Petitioner

Dockets.Justia.com

alleges that in his motion for post-conviction relief he presented new evidence in affidavits establishing that the accuser's mother testified falsely. In Ground III, Petitioner alleges that his Sixth Amendment rights were violated by ineffective assistance of counsel. Among other claims, Petitioner alleges that counsel was negligent in interviewing witnesses. In Ground IV, Petitioner alleges that his Fifth Amendment rights were violated because he received unfair consideration of *pro se* motions filed in connection with his request for post-conviction relief.

It is unclear whether Petitioner has properly exhausted each of his claims, which requires presentation to the Arizona Court of Appeals. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). It also appears that further review of Petitioner's claims is not available in the state courts because the deadline for filing an appeal has passed. Consequently, any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). An answer is therefore required. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

**C. Possible Dismissal**

Petitioner is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

///
///
///
///
///
///
///
///
///

1     (4) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1
2 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
3 recommendation.

    DATED this 5th day of October, 2006.

_____
Stephen M. McNamee
United States District Judge