**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Joseph Sutliff, ) | No. CIV 06-2280-PHX-SMM |
| Petitioner, ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. ) | |
| Dora B. Schriro and Arizona Attorney ) General, ) | |
| Respondents. ) | |

Pending before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (the "Petition"). The matter was referred to Magistrate Judge Mark E. Aspey for a Report and Recommendation. On April 30, 2007, Magistrate Judge Aspey filed a Report and Recommendation with this Court. (Dkt. 15.) On May 14, 2007, Petitioner filed his objections to the Report and Recommendation. (Dkt. 16.) After careful consideration, this Court will adopt the Report and Recommendation.

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d

1391, 1394 (9th Cir. 1991) (citing <u>Britt v. Simi Valley Unified Sch. Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983)).

**DISCUSSION**

The procedural history of this case is set forth in Respondents' Answer to the Petition (Dkt. 13) and the Magistrate Judge's Report and Recommendation (Dkt. 15). In June of 2002, Petitioner was convicted of five counts of sexual conduct with a minor. (Dkt. 13, Exh. B). On August 16, 2002, Petitioner was sentenced by the state trial court to five life terms of imprisonment with no eligibility for release for 35 years on each count, the sentences to run consecutively. Dkt. 13, Exh. B). On September 4, 2003, the Arizona Court of Appeals affirmed the convictions and sentences. (Dkt. 13, Exh. E). Thereafter, Petitioner did not seek review of this decision by the Arizona Supreme Court or the United States Supreme Court. (Dkt. 13, Exh. F) (Order and Mandate of Arizona Court of Appeals).

On December 17, 2003, Petitioner filed a state court petition for post-conviction relief. In a decision issued February 24, 2005, the Arizona Superior Court denied relief, concluding Petitioner had not stated a colorable claim that he had been deprived of his right to counsel and that Petitioner's other claims were procedurally barred, precluded, or waived. (Dkt. 13, Exh. I). On March 21, 2005, Petitioner filed a motion in the Arizona Superior Court seeking an extension of the time to seek review of the decision seeking post-conviction relief. (Dkt. 13., Exh. K). This motion was denied by the Arizona Superior Court on May 5, 2005. <u>See</u> <u>id</u>. Petitioner then sought review of the trial court's denial of post-conviction relief by the Arizona Court of Appeals in a pleading filed May 5, 2005. (Dkt. 13., Exh. L). The Court of Appeals concluded the petition for review was not timely filed and denied review in an order issued May 12, 2005. (Dkt. 13., Exh. L.) Thereafter, Petitioner sought reconsideration of the Court of Appeals decision. (Dkt. 13., Exh. M). In an order denying the motion for reconsideration, issued June 6, 2005, the Arizona Court of Appeals instructed Petitioner that, to achieve review, he must file a motion in the trial court asking leave to file

1 an untimely filed petition.(Dkt. 13., Exh. M).  Petitioner filed a second motion in the trial
2 court seeking permission to file an untimely petition for review, but did not serve the
3 prosecuting agency or otherwise properly pursue that motion. See id. at 3.

4 On September 21, 2006, Petitioner filed his federal habeas petition.  Therein,
5 Petitioner asserts that he is entitled to relief because the prosecution knowingly introduced
6 perjured testimony at trial, including the testimony of the victim and his mother, in violation
7 of Petitioner's right to due process of law. Petitioner further contends that he was denied his
8 right to due process because the Arizona state courts denied numerous post-conviction
9 motions. Moreover, Petitioner alleges he was deprived of his right to the effective assistance
10 of counsel.

11 After reviewing the filings in this matter, the Magistrate Judge recommended that the
12 Petition be denied on the basis that the writ is barred by the statute of limitations governing
13 the filing of petitions under 28 U.S.C. § 2254, and there is no basis for tolling the period of
14 limitations.

15 Following the issuance of the Magistrate Judge's Report and Recommendation,
16 Petitioner filed Objections to the Report and Recommendation (Dkt. 16).  Having reviewed
17 each of Petitioner's filings and, thereafter, having reviewed the Magistrate Judge's Report
18 and Recommendation and the record de novo, the Court finds that Petitioner's claims for
19 relief are barred by the statute of limitations.

20 Petitioner's Objections to the Report and Recommendation, filed May 14, 2007, assert
21 that the Magistrate Judge's Report and Recommendation contains factual errors concerning
22 the statutory tolling period. Petitioner further contends that he is entitled to equitable tolling.
23 (Dkt. 16).

24 With respect to factual errors, Petitioner correctly notes in his Objections to the Report
25 and Recommendation that the statement that the statute of limitations was tolled until March
26 25, 2005, and yet it began to run again on February 25, 2005, is factually impossible and
27

- 3 -

incorrect. Despite the fact that Petitioner's assertion is correct, on September 4, 2007, Magistrate Judge Aspey filed an Amendment to his Report and Recommendation (Dkt. 17) wherein he acknowledged this factual error and explained that the mis-statement does not affect the conclusion reached in the Report and Recommendation that Petitioner's federal habeas action was not timely filed. Correcting the statement to indicate that the statute of limitations began to run again on March 25, 2005, and expired on February 8, 2007, results in the conclusion that Petitioner's habeas action was filed approximately seven months, rather than eight months, too late (Dkt. 17). Thus, Petitioner's objection, although correct, has previously been remedied by the Court and does not effect the overall outcome for Petitioner.

Petitioner further averred in his Objections that the Magistrate Judge erred by stating that Petitioner failed to seek review of the Superior Court's denial of post-conviction relief (Dkt. 16, at 2). Petitioner is incorrect in his objection. Page three of the Report and Recommendation provides:

> Petitioner sought review of the trial court's denial of post-conviction relief by the Arizona Court of Appeals in a pleading filed May 5, 2005. [Answer], Exh. L. The Court of Appeals concluded the petition for review was not timely filed and denied review in an order issued May 12, 2005. Id., Exh. L.

Petitioner's final objection concerns the application of equitable tolling to his case. The Court rejects Petitioner's assertion that he is entitled to equitable tolling of the deadline for filing a federal habeas petition. Based on the record, Petitioner did not file his federal habeas action within the period specified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Consequently, as Magistrate Judge Aspey correctly pointed out in his Report and Recommendation, the petition for habeas relief may only be considered if the AEDPA's time limitation may be "equitably" tolled. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time.

See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003); Malcom, 281 F.3d at 962. Equitable tolling is only appropriate when external forces account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Furthermore, it is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034; Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002). This Court agrees with Magistrate Judge Aspey's conclusion that Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Pace, 544 U.S. at 418, 125 S. Ct. at 1815 (concluding the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."); Miranda v. Castro, 292 F.3d 1063, 1068 (9th Cir. 2002) (concluding that counsel's errors in miscalculating the statute of limitations and mis-advising the petitioner did not warrant equitable tolling). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir. 2005). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (internal quotations and citations omitted). Compare Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002).

Petitioner claims that the state court's failure to decide his motion seeking review in a more timely manner constitutes wrongful conduct and that such conduct "actively misled the petitioner into believing that the motion...was under consideration and kept the Petitioner in limbo, awaiting the Courts [sic] reply." (Dkt. 16 at 6). Thus, Petitioner contends that he

is entitled to equitable tolling of the statute of limitations because he diligently pursued his remedies and because the state failed to adequately inform him of the status of his post-conviction motions.[1] In fact, the Court had nothing to inform Petitioner of until the time the decisions came down, at which time Petitioner was in fact notified. It is therefore Petitioner's lack of legal experience that leads Petitioner to his conclusion that he is entitled to such tolling. However, lack of legal experience does not give rise to extraordinary circumstances under the law. A petitioner's *pro se* status, ignorance of the law, or lack of legal representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714–716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling"). As established by Magistrate Judge Aspey, Petitioner's assertion that the state's "failure" or delay in acting on his various post-conviction motions was a state-created impediment to the filing of his federal habeas action fails as a matter of law, because the state actions, or inactions, were not violations of federal law or the United States Constitution. Petitioner has not established that the state's alleged "failure" prevented Petitioner from filing a timely habeas action. See Lott, 304 F.3d at 923-24 (collecting Ninth Circuit cases concluding the petitioner was entitled to tolling of the statute of limitations based on an "impediment" to timely filing); Arthur v. Allen, 452 F.3d 1234, 1248 (11th Cir. 2006), cert. denied, ___ S. Ct. ___, 2007 WL 121124 (Apr. 16, 2007); Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding the state had created an impediment by confiscating the petitioner's legal files and providing on an inadequate prison law library); Marengo v.

---

[1] The Court is unable to discern from Petitioner's filing whether he diligently pursued his remedies. Furthermore, the Court has found nothing in the record to establish any extraordinary conduct on the part of the trial court that would prejudice the Petitioner in his quest for relief. It appears that the court notified Petitioner of the status of his motions upon decision of the motions by the court. The Petitioner has not established anything otherwise.

Conway, 342 F. Supp. 2d 222, 230-31 (S.D.N.Y. 2004); Lloyd v. Miller, 152 F. Supp. 2d 1119, 1122 (N.D. Ind. 2001). An individual convicted by a state court has no federal constitutional right to due process in state post-conviction proceedings. See, e.g., Shipley v. Oklahoma, 313 F.3d 1249, 1251 (10th Cir. 2002). Petitioner has failed to establish otherwise.

## CONCLUSION AND ORDER

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge, including the Amendment thereto.

**IT IS FURTHER ORDERED** that a copy of this Order shall be sent to Magistrate Judge Mark E. Aspey.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action accordingly.

DATED this 17th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge